TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| STALIN ANTONIO SEPÚLVEDA MORALES<br><br>Apelante<br><br>V.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Apelado | KLAN202400769 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV10023<br><br>Sobre: Impugnación de Confiscación |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 23 de agosto de 2024.

El 13 de agosto de 2024, compareció ante este Tribunal de Apelaciones, el señor Stalin Antonio Sepúlveda Morales (en adelante, señor Sepúlveda Morales o parte apelante), mediante escrito de *Apelación*. Por medio de este, nos solicita que revisemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 10 de julio de 2024, notificada el 15 de julio del mismo año. En virtud del aludido dictamen, el foro *a quo* declaró con lugar una moción de reconsideración, presentada por el Estado Libre Asociado de Puerto Rico y otros (en adelante, el Estado o apelado) y, consecuentemente, desestimó la demanda presentada por el apelante.

Por los motivos que se exponen a continuación, se desestima el recurso de epígrafe por defectuoso.

**I**

En su comparecencia ante este foro revisor, el apelante alega que, el 24 de octubre de 2023, presentó una *Demanda* sobre impugnación de confiscación contra el Estado. Sostiene que, más

Número Identificador

SEN2024 _____

adelante, el 25 de enero de 2024, el Estado presentó una moción de desestimación, alegando que, el término para llevar a cabo el emplazamiento había caducado, y que, hasta el momento, no había sido emplazado. El señor Sepúlveda Morales arguye que, el 22 de febrero de 2024, se opuso a la misma. Luego, expresa que, el 19 de marzo de 2024, el tribunal de instancia declaró no ha lugar la referida moción.

En su recuento, el apelante alega que, posterior a ello, el Tribunal de Primera Instancia llevó a cabo una vista evidenciaria para aclarar el asunto del emplazamiento.[1] Esgrimió que, tras la celebración de la misma, el foro *a quo* emitió el dictamen recurrido, en el cual concluyó que, el Estado no fue emplazado dentro del término jurisdiccional de quince (15) días, según exige la Ley Uniforme de Confiscaciones de 2011.[2]

Inconforme con dicha determinación, el apelante acude ante esta Curia, señalando como único error el siguiente:

> Erró el Tribunal de Primera Instancia al desestimar la demanda de impugnación de confiscación.

Por no ser necesario, prescindimos de la comparecencia de la parte apelada, por lo que procedemos a disponer del presente recurso.

**II**

**A. *Jurisdicción***

Nuestra más Alta Curia, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Beltrán Cintrón v. ELA*, 204 DPR 89 (2020), *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019); *S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos

---

[1] Según consta de la *Minuta*, la vista fue celebrada el 9 de julio de 2024. Véase, apéndice del recurso.
[2] Ley Núm. 119 de 12 de julio de 2011, 34 LPRA sec. 1724 nota *et seq.*

ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374 (2020); *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Suffront v. A.A.A.*, 164 DPR 663, 674 (2005). Un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos. *Íd.*; *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Suffront v. A.A.A.*, supra, pág. 674.

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[3], confiere facultad a este Tribunal para, a iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. *Perfeccionamiento de Recursos Apelativos*

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). El incumplimiento con las disposiciones reglamentarias sobre forma,

---

[3] 4 LPRA Ap. XXII-B, R. 83.

contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017). El Tribunal Supremo ha expresado que "los abogados están obligados a cumplir fielmente con el trámite prescrito en las leyes y en los reglamentos aplicables para el perfeccionamiento de los recursos, no puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias se deben acatar y cuándo". *Hernández Maldonado v. Taco Maker*, supra, pág. 290.

Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Íd.*; *Arraiga v. F.S.E.*, 145 DPR 122, 130 (1998).

En lo pertinente al caso de marras, respecto a los requisitos de contenido necesarios para el perfeccionamiento de un recurso de apelación en casos civiles, la Regla 16 del Reglamento de este Tribunal, en su inciso (E), dispone lo siguiente:[4]

> […]
>
> (E) Apéndice
>
> > (1) El escrito de apelación, salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, incluirá un Apéndice que contendrá una copia literal de:
> >
> > (a) las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones;
> >
> > (b) la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de la misma;

---

[4] 4 LPRA Ap. XXII-B, R. 16(E)(1).

(c) toda moción debidamente timbrada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden;

(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a éste.

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

Con respecto a los apéndices incompletos, nuestra Máxima Curia ha expresado lo siguiente: "[D]ebemos aclarar que generalmente nos hemos movido a desestimar recursos por tener apéndices incompletos **cuando esa omisión no nos permite penetrar en la controversia o constatar nuestra jurisdicción**". (Cita omitida) (Énfasis nuestro). *Vázquez Figueroa v. E.L.A.*, 172 DPR 150, 155 (2007). También, ha expresado que, las normas que rigen el perfeccionamiento de los recursos apelativos deberán ser observadas rigurosamente. *Soto Pino v. Uno Radio Group.*, supra, pág. 90*; Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011). El incumplimiento con las disposiciones reglamentarias concernientes al contenido, forma y presentación de los recursos podría implicar que sean desestimados. *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017).

Por tanto, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005).

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez et al. v. AEE et al.*, 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[5] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[6]

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

En su recurso, el señor Sepúlveda Morales nos solicita la revisión de la *Sentencia* emitida el 10 de julio de 2023, por el Tribunal de Instancia. En esencia, manifiesta que no procedía la desestimación de la demanda, puesto que, la parte apelada sí fue emplazada dentro del término dispuesto por ley.

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado. Veamos.

Según expuesto, nuestro Reglamento exige que, los recursos presentados ante este foro deben incluir un apéndice que contenga las alegaciones de las partes, la sentencia del Tribunal de Primera Instancia cuya revisión solicita, toda resolución u orden, y toda moción o escrito de las partes que forme parte del expediente original en el foro de primera instancia, y cualquier otro documento que forme para de tal expediente y que pueda ser útil a este tribunal a los fines de resolver la controversia.[7]

---

[5] *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).
[6] *Soto Pino v. Uno Radio Group*, supra, pág. 90; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Arriaga v. F.S.E.*, 145 DPR 122, 130 (1998).
[7] 4 LPRA Ap. XXII-B, R. 16(E)(1).

Al revisar el expediente ante nos, pudimos constatar que, la parte apelante no anejó al recurso copia de una serie de documentos y escritos que resultan imprescindibles tanto para auscultar nuestra jurisdicción, como para atender en sus méritos el recurso de marras. Con precisión, el señor Sepúlveda Morales se limitó a incluir en su recurso: (i) la *Minuta* de la vista evidenciaria, celebrada el 9 de julio de 2024 y (ii), la *Sentencia* recurrida, emitida por el foro primario el 10 de julio de 2024.

Tal acto, constituye una omisión crasa que tiene como resultado un recurso tan defectuoso que, reiteramos, nos impide auscultar nuestra jurisdicción y revisar la corrección del dictamen que se pretende impugnar.

En vista de ello, procedemos a desestimar el recurso de epígrafe, de conformidad a la Regla 83(C) del Reglamento de este Tribunal[8], la cual nos confiere facultad para, a iniciativa propia, desestimar un recurso de apelación o denegar un auto discrecional cuanto este foro carece de jurisdicción.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de epígrafe por falta de jurisdicción, debido al incumplimiento con las disposiciones reglamentarias para el perfeccionamiento del mismo, lo que nos impide ejercer nuestra función revisora.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[8] 4 LPRA Ap. XXII-B, R. 83.